Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin

CAUSE NO. CL-25-3194-J

| | | |
|---|---|---|
| ROSALINDA PEREZ | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. ________ |
| | § | |
| WALMART STORES TEXAS, LLC D/B/A WALMART Defendant. | § | |
| | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rosalinda Perez, hereinafter referred to as "Plaintiff," complaining of Defendant, WALMART STORES TEXAS, LLC d/b/a WALMART, and for cause of action would respectfully show the Court as follows:

## I. PARTIES

Plaintiff, Rosalinda Perez, is an individual residing in Hidalgo County, Texas.

Defendant, **WALMART STORES TEXAS, LLC d/b/a WALMART**, is a domestic limited liability company doing business in the State of Texas and in Hidalgo County, Texas. It may be served with process by serving its registered agent, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

## II. DISCOVERY CONTROL PLAN

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3 of the Discovery Control Plan. Plaintiff respectfully

Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin



requests that the Court enter a scheduling and discovery order tailored to the needs of this case.

## III. VENUE

Venue is proper in Hidalgo County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to this cause of action occurred in Hidalgo County. Plaintiff further pleads that this case is properly brought and should remain in state court, as the claims asserted, the parties involved, and the damages sought fall squarely within the jurisdiction of this Court and do not give rise to federal jurisdiction under any theory.

## IV. JURISDICTION

This Court has jurisdiction over this cause of action because the amount in controversy exceeds the minimum jurisdictional limits of this Court. In accordance with Texas Rule of Civil Procedure 47(c)(3), Plaintiff seeks monetary relief over $250,000 but not more than $750,000. Plaintiff expressly affirms that the total damages sought—including all forms of relief, penalties, costs, expenses, and attorney's fees—do not exceed $750,000. Plaintiff does not seek federal jurisdiction and affirmatively pleads that the amount in controversy is within the exclusive jurisdictional limits of this Court.

## V. FACTS

On or about August 7, 2023, Plaintiff Rosalinda Perez was a customer and lawful invitee at Walmart Store # 6786 located at 5700 N. 23rd Street, McAllen, Texas, 78504. At all relevant times, Defendant was the possessor and operator of the premises and had a duty to maintain the property in a reasonably safe condition for its patrons. While walking

Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin



down the main aisle toward the grocery section, Plaintiff was lawfully shopping when suddenly and without warning, a large box of merchandise fell from the elevated riser shelving above. The unsecured item struck Plaintiff directly, causing immediate and severe injuries. The elevated storage area—commonly used by the store to stack excess merchandise—posed a hidden danger to unsuspecting customers below, especially where no warnings, netting, or restraint mechanisms were in place to prevent items from dislodging.

This incident was the direct result of the store's failure to properly secure overhead merchandise in accordance with basic retail safety protocols and its own internal policies designed to prevent falling-object injuries. Had the store exercised ordinary care in stacking and securing its inventory, this entirely preventable injury would not have occurred.

Walmart employees failed to document the incident, render aid, or report the occurrence. This failure further underscores Defendant's disregard for customer safety and its breach of duty to invitees on the premises.

## VI. CAUSES OF ACTION

**A. Premises Liability**

At all relevant times, Plaintiff Rosalinda Perez was a lawful invitee on Defendant's premises. Defendant owed a duty to maintain its premises in a reasonably safe condition and to warn of or correct known or reasonably discoverable hazards. Defendant breached this duty by:

Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin



1. Improperly storing a large box of merchandise on elevated riser shelving without securing it with restraints, netting, or other protective measures;

2. Failing to adhere to corporate safety protocols designed to prevent falling-object injuries;

3. Failing to warn customers of the hidden danger posed by unsecured overhead merchandise.

As a direct and proximate result of Defendant's negligence, Plaintiff Rosalinda Perez was struck by the falling box and suffered serious injuries, including a bimalleolar fracture, physical pain, and lasting impairment.

**B. Negligent Activity**

In the alternative, Defendant's employees were actively negligent in the manner they stacked and stored merchandise on elevated riser shelving. By improperly placing a large box of merchandise overhead without securing it and leaving it in a precarious position, Defendant's employees created an immediate and ongoing hazard. This negligent activity, occurring contemporaneously with Plaintiff's presence in the aisle, directly caused the box to fall and strike Plaintiff, resulting in serious injury.

## VII. RESPONDEAT SUPERIOR

At all relevant times, the agents, servants, and/or employees of Defendant were acting within the course and scope of their employment. Defendant is legally responsible under the doctrine of respondeat superior for the negligent acts and omissions committed by its employees in furtherance of its business operations.

Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin

CL-25-3194-J

## VIII. DAMAGES

As a direct and proximate result of the incident described herein, Plaintiff has sustained the following damages:

1. Reasonable and necessary medical expenses incurred in the past;
2. Reasonable and necessary medical expenses that, in reasonable probability, will be incurred in the future;
3. Physical pain and mental anguish sustained in the past and that will, in reasonable probability, be sustained in the future;
4. Physical impairment sustained in the past and that will, in reasonable probability, be sustained in the future;
5. Disfigurement;
6. Loss of enjoyment of life.

Plaintiff seeks monetary relief in an amount over $250,000 but not more than $750,000, exclusive of interest and costs.

## IX. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury pursuant to Rule 216 of the Texas Rules of Civil Procedure and has tendered the appropriate jury fee.

## X. NOTICE PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 193.7

Plaintiff hereby provides notice of intent to use any and all documents produced by Defendant in response to written discovery pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XI. REQUEST FOR NOTICE UNDER TEXAS RULES OF EVIDENCE 609(f)

Plaintiff hereby requests that Defendant provide written notice of intent to use any criminal convictions for impeachment purposes under Texas Rule of Evidence 609(f).

Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin

CL-25-3194-J

## XII.MISNOMER AND MISIDENTIFICATION

To the extent Plaintiff has misnamed or misidentified any Defendant in this petition, such was the result of a misnomer or misidentification. Plaintiff invokes the doctrine of misnomer and/or misidentification and requests that, should any party contest its correct legal name or capacity, this pleading be deemed amended to reflect the proper party or entity as may be disclosed during the course of discovery. Plaintiff further asserts that the correct Defendant was served, is aware of the claims made the basis of this suit, and has not been misled or prejudiced by any such misnomer.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that upon final trial, Plaintiff have and recover judgment against Defendant for:

1. Actual damages as set forth above;
2. Prejudgment and post-judgment interest as allowed by law;
3. Costs of Court; and
4. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW FIRM OF RICARDO A. GARCIA, PLLC**

By: ______________________

Ricardo A. Garcia
State Bar No. 07643200
Ricardo J. Garcia
State Bar No. 24133245
820 S. Main
McAllen, Texas 78501
Telephone No.: 956/630-2882
Telecopier No.: 956/630-5393
E-mail: service@go-lawfirm.com

Electronically Submitt
7/17/2025 11:55 A
Hidalgo County Cle
Accepted by: Francisco Javier Martin

CL-25-3194-J

&

Armando M. Guerra
**ARMANDO M. GUERRA & ASSOCIATES, PLLC**
Texas Bar No.24012040
Email: lawoffice@mandoguerra.com
steve@southtxlegal.com
113 N. 9th Ave.
Edinburg, Texas 78541
Tel. (956) 287-4165
Fax. (866) 546-7212

**ATTORNEYS FOR PLAINTIFF**